IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

AVALA ROSE, )
)
        Plaintiff, )
)
v. ) Civil Action No. 3:23-cv-405-HEH
)
LOUIS DEJOY, *Postmaster General of* )
*the United States Postal Service*, )
)
        Defendant. )

## MEMORANDUM OPINION
(Denying Plaintiff's Motion for Preliminary Injunction and Expedited Discovery)

THIS MATTER is before the Court on Plaintiff Avala Rose's ("Plaintiff") Motion for Restraining Order Preliminary Injunction and Early Discovery (the "Motion," ECF No. 34), filed on November 18, 2024. Plaintiff requests a preliminary injunction to require Defendant Louis DeJoy (the "Defendant") to "follow its own written bullying, harassment, retaliation, and non-discrimination policies" and to "cease and desist all forms of harassment, retaliation, and bullying." (Mot. at 2.) The parties have each filed memoranda supporting their respective positions (ECF Nos. 35–37), and Plaintiff's Motion is ripe for this Court's review. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and oral argument would not aid in the decisional process. *See* E.D. VA. LOC. CIV. R. 7(J). For the following reasons, the Court will deny Plaintiff's Motion.

## I. BACKGROUND

Plaintiff is a former employee of the United States Postal Service ("USPS") and she proceeds in this action *pro se*. (Second Am. Compl. ¶¶ 3, 14, ECF No. 13.) Defendant is Postmaster General of the USPS. (*Id.* ¶ 4.) Plaintiff alleges that Defendant violated Title VII of the Civil Rights Act of 1964 by harassing and retaliating against her because of her religious beliefs, her request for reasonable religious accommodations, and her accusations of harassment and discrimination against USPS. (*Id.* ¶¶ 34–43 (citing 42 U.S.C. § 2000e *et seq.*))

The exact timeline of the facts in this case is unclear. Plaintiff is a good faith observer of religious holidays and the "Saturday Sabbath." (*Id.* ¶ 15.) Plaintiff implies, but does not explicitly state, that she requested accommodations to observe religious holidays and the Saturday Sabbath. (*See id.* ¶¶ 15–38.) However, it appears that at some point prior to August 2022, "Defendant discontinued reasonable accommodation" and instructed Plaintiff to use her sick leave and annual leave if she desired to take time off to observe her religion. (*Id.* ¶¶ 37–38.)

On August 16, 2022, Plaintiff submitted a harassment complaint. (Second Am. Compl. ¶ 16.) Although she does not specify the details of the complaint, she states that it was submitted to Defendant. (*Id.*) At some point following this complaint, Plaintiff was assigned to a less favorable position at the Westhampton Post Office. (*Id.* ¶ 17.) On September 2, 2022, "Defendant made offensive religious comments to Plaintiff." (*Id.* ¶ 18.) In October 2022, Plaintiff was denied access to hands-on training, a uniform allowance, and the job code required to perform a window clerk position. (*Id.* ¶¶ 19–20.)

2

Plaintiff also alleges that Defendant sexually harassed her on October 26, 2022. (*Id.* ¶ 21.) That same day, Plaintiff alleges, Defendant blew an airhorn in her ear, causing her to develop tinnitus, hyperacusis, and hearing loss. (*Id.* ¶¶ 23, 25–26.) Defendant refused to provide her with the "medical care form to receive treatment" and "refused to report [the] injury to worker[']s compensation." (*Id.* ¶ 25.) In November 2022, Plaintiff was isolated from her co-workers. (*Id.* ¶ 27.) Plaintiff also states that Defendant turned the lights off while she worked and re-assigned her to work in Sandston. (*Id.* ¶¶ 28–29.)

On November 8, 2022, Plaintiff requested pre-complaint processing with the Equal Employment Opportunity Commission ("EEOC"). (Second Am. Compl. ¶¶ 6–7.) Plaintiff was provided notice of her right to file a discrimination complaint with the EEOC on February 4, 2023, and she formally filed her discrimination complaint against USPS on March 6, 2023. (*Id.* ¶¶ 8–9.) The EEOC dismissed this complaint on March 17, 2023, and Plaintiff filed a timely appeal. (*Id.* ¶¶ 9–10.)

Plaintiff requested accommodations from USPS in May 2023, but no further accommodations were provided. (*Id.* ¶ 30.) Throughout June and July of 2023, Plaintiff was excluded from all stand-up meetings and huddles. (*Id.* ¶ 31.) Plaintiff also states, "Defendant chained Plaintiff's chair to [her] work station and removed the yellow safety poles from [her] work area." (*Id.* ¶ 32.) At some point later in 2023, Plaintiff voluntarily resigned from employment with the USPS. (Pl.'s Affidavit. ¶¶ 82–84, ECF No. 35.)

Plaintiff filed her original complaint in June 2023 (ECF No. 1), a first amended complaint in August 2023 (ECF No. 3), and a second amended complaint in November 2023. (ECF No. 13). On August 16, 2024, the Court granted in part and denied in part

3

Defendant's Motion Dismiss (ECF No. 17), dismissing several counts of the second amended complaint. (Order, ECF No. 24.) The Court allowed Plaintiff to proceed on her claims for failure to accommodate on the basis of religion (Count One), retaliatory physical harm (Count Four), retaliatory harassment (Count Six), and retaliatory exclusion from meetings (Count Seven). Plaintiff now moves for a preliminary injunction and expedited discovery on these remaining claims, specifically requesting that Defendant follow non-discrimination policies and cease and desist all forms of harassment, harm, and retaliation. (Mot. at 1–3.)

## II. LEGAL STANDARD

It is well-established that district courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). However, courts need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs. of Baltimore*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

"A preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). A decision to grant a preliminary injunction is

4

within the sound discretion of the district court. *Frazier v. Prince George's Cnty.*, 86 F.4th 537, 543 (4th Cir. 2023) (citing *Di Biase*, 872 F.3d at 229). In conducting the analysis, a court must bear in mind that "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). In *Winter*, the Supreme Court set out a four-pronged test for a preliminary injunction. *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land, Owned by Sandra Townes Powell*, 915 F.3d 197, 211 (4th Cir. 2019) (citing *Winter*, 555 U.S. at 20). To prevail under the *Winter* test, the movant must establish that "(1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm absent the requested preliminary relief, (3) the balance of the equities weighs in its favor, and (4) a preliminary injunction is in the public interest." *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 171 (4th Cir. 2019) (citing *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (en banc)).

### III. DISCUSSION

#### A. Preliminary Injunction

With these standards in mind, the Court must consider whether Plaintiff satisfactorily met the burden required for a preliminary injunction. To establish the second *Winter* element, that Plaintiff is likely to suffer irreparable harm *absent the requested relief*, Plaintiff "must make a clear showing that [she] will suffer harm that is neither remote nor speculative, but actual and imminent." *Mountain Valley Pipeline*, 915 F.3d at 216 (internal quotation marks and citation omitted). "[T]he harm must be irreparable, meaning that it cannot be fully rectified by the final judgment after trial." *Id.*

(internal quotation marks and citation omitted). Finally, Plaintiff must demonstrate more than the mere possibility of irreparable harm during the suit's pendency. *Di Biase*, 872 F.3d at 230.

Here, Plaintiff has not adequately shown that she is likely to suffer irreparable harm in the absence of a preliminary injunction. Plaintiff cites her previous injury resulting from the October 2022 air-horn incident and her resulting tinnitus diagnosis as the irreparable harm suffered. (ECF No. 36 at 9–10.) She also contends that Defendant's continued violation of Title VII of the Civil Rights Act of 1964 establishes irreparable harm. (*Id.*) Even viewed broadly, the Court does not find that these alleged injuries are sufficient to present an imminent and future harm in the absence of a preliminary injunction.

First, these events occurred in 2022, and past harms do not show that continued harm is "actual and imminent." *Mountain Valley Pipeline*, 915 F.3d at 216. Plaintiff here has not alleged any injury that she might suffer while awaiting adjudication of this case. Rather, she references past injuries as her only irreparable harm. As the Fourth Circuit has noted, "[T]he existence of past harm is far from dispositive on the question of irreparable future harm." *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 386 (4th Cir. 2017). Plaintiff's alleged past harm is not sufficient for the Court to predict the likelihood of future harm here, and Plaintiff does not allege any future harm that may come to her during the pendency of this suit.

Second, Plaintiff does not allege any injury that "cannot be fully rectified by the final judgment after trial." *Mountain Valley Pipeline*, 915 F.3d at 216. "Mere injuries,

6

however substantial, in terms of money, time and energy necessarily expended in the absence of [an injunction] are not enough." *Roe v. U.S. D.O.D.*, 947 F.3d 207, 228 (2020) (alteration in original) (quoting *Di Biase*, 872 F.3d at 230). In this suit, Plaintiff seeks damages, medical costs, and a Court Order that Defendant cease religious discrimination and begin accommodating Plaintiff's religion. (Second Am. Compl. at 4, 11–12.) However, as the Fourth Circuit has stated, "Where the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable." *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994). Indeed, monetary relief "typically may be granted as easily at judgment as at a preliminary injunction hearing, and a party does not normally suffer irreparable harm simply because it has to win a final judgment on the merits to obtain monetary relief." *Id.*

The record also shows no reason to suspect Plaintiff will suffer further discrimination from Defendant before this case is finished. Plaintiff voluntarily resigned from her employment with the USPS in 2023. (Pl.'s Aff. ¶¶ 82–84.) Because Plaintiff is no longer employed with USPS, there is no "status quo" for a preliminary injunction to protect with respect to Defendant's treatment of Plaintiff as an employee. *Di Biase*, 872 F.3d at 231. The parties have no apparent relationship or interaction outside of this lawsuit. In other words, a preliminary injunction would not benefit Plaintiff at this stage of litigation. Because Plaintiff has failed to satisfy the second element of the *Winter* test, the Court need not consider whether Plaintiff has satisfied the other three elements. *See*

555 U.S. at 24. For all these reasons, the Court will deny Plaintiff's Motion for Preliminary Injunction.

## B. Expedited Discovery

District courts have "broad discretion . . . to supervise discovery." *Mey v. Phillips*, 71 F.4th 203, 217 (4th Cir. 2023) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014)). In order for information to be discoverable, it must be both relevant and proportional to the needs of the case, considering factors such as whether the burden or expense of the discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1); *see Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012) (stating that courts "'must limit the frequency or extent of discovery' if 'the burden or expense of the proposed discovery outweighs its likely benefit . . . .'" (quoting Fed. R. Civ. P. 26(b)(2)(C))). When considering a motion for expedited discovery in the context of a preliminary injunction, courts in the Fourth Circuit have applied a modified preliminary injunction test. *See ForceX, Inc. v. Tech. Fusion, LLC*, No. 4:11-cv-88, 2011 WL 2560110, at *5 (E.D. Va. June 27, 2011); *Kia Motors Am., Inc v. Greenbrier GMC, Inc.*, No. 2:20-cv-428, 2020 WL 8970813, at *2 (E.D. Va. Dec. 11, 2020). This test requires a plaintiff to make "a strong showing of merits and irreparable harm" in order to demonstrate that "expedited discovery is warranted." *ForceX*, 2011 WL 2560110, at *5.

As discussed above, Plaintiff failed to show she would suffer irreparable harm in the absence of a preliminary injunction, and the Court determined that Plaintiff's motion for preliminary injunction should be denied. Under the circumstances presented here, expedited discovery is not warranted in this case. *See id.*; *Willis Towers Watson Se. Inc.*

*v. Alliant Ins. Servs., Inc.*, No. 3:23-cv-659, 2023 WL 9197745, *4 (E.D. Va. November 21, 2023) (Hudson, J.).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion (ECF No. 34) will be denied. An appropriate order will accompany this Memorandum Opinion.

                                                  /s/
                                    Henry E. Hudson
                                    Senior United States District Judge

Date: February 4, 2025
Richmond, Virginia