IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

AVALA ROSE,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　Civil Action No. 3:23-cv-405–HEH
　　　　　　　　　　　　　　　　　　)
LOUIS DEJOY, *Postmaster General of*　)
*the United States Postal Service*,　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　)

**MEMORANDUM OPINION**
**(Denying Plaintiff's Motion to Reconsider and Motion to Strike Defendant's Answer)**

This matter is before the Court on Plaintiff Avala Rose's ("Plaintiff") Motion to Alter or Amend/Rule 59 (Mot. to Reconsider, ECF No. 26), filed on September 9, 2024, and Plaintiff's Motion to Strike Defendant's Answer and Affirmative Defenses (Mot. to Strike, ECF No. 30), filed on September 24, 2024 (collectively, "Plaintiff's Motions"). The parties have each filed memoranda supporting their respective positions on both motions (ECF Nos. 27, 29, 32),[1] and the motions are ripe for this Court's review. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and oral argument would not aid in the

---

[1] This Court granted Defendant's Motion for Leave to File Late Response Brief (ECF Nos. 28, 33) and considers Defendant's Memorandum in Opposition (ECF No. 29) timely filed.

decisional process. *See* E.D. Va. Loc. Civ. R. 7(J). For the following reasons, the Court will deny Plaintiff's Motions.

## I. BACKGROUND[2]

Plaintiff, who is *pro se*, filed her original Complaint in June 2023 (ECF No. 1) and a First Amended Complaint in August 2023 (ECF No. 3). Plaintiff then filed a Second Amended Complaint in November 2023.[3] ("Complaint," ECF No. 13.) On August 16, 2024, the Court partially granted Defendant Louis DeJoy's ("Defendant") Motion to Dismiss ("Defendant's Motion," ECF No. 17), and dismissed three (3) counts of the Complaint without prejudice. (August 16, 2024 Order, ECF No. 24.) Specifically, the Court dismissed Plaintiff's claims for sexual harassment (Count Two), religious harassment (Count Three), and retaliation and hostile work environment (Count Five). (*Id.*) The Court allowed Plaintiff to proceed on her claims for failure to accommodate on the basis of religion (Count One), retaliatory physical harm (Count Four), retaliatory harassment (Count Six), and retaliatory exclusion from meetings (Count Seven). In September 2024, Plaintiff filed her Motion to Reconsider, requesting the Court reconsider and amend its August 16, 2024 Order. She also filed her Motion to Strike, seeking a court order to strike Defendant's Answer and its included affirmative defenses.

---

[2] The facts of this case were previously addressed and more fully stated in the Court's Memorandum Opinion addressing Plaintiff's Motion for Preliminary Injunction and Request for Expedited Discover, dated February 4, 2025. (ECF No. 39.)

[3] The Court will refer and cite only to the Second Amended Complaint in the remainder of this Memorandum Opinion.

2

## II. LEGAL STANDARD

It is well established that district courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). However, courts need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs. of Baltimore*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

A district court retains the discretion to reconsider or modify a grant of a partially dispositive motion at any time prior to the entry of final judgment. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) (citing *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991); Fed. R. Civ. P. 54(b)). Nevertheless, a court must exercise its discretion to consider such motions sparingly in order to avoid an unending motions practice. *See Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001). If a motion seeks reconsideration of an order before the entry of final judgment, the motion is governed by Federal Rule of Civil Procedure 54(b). That rule provides, in relevant part, that "any order . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any

3

time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b).

Under this rule, a motion for reconsideration is generally limited to instances where

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare.

*United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). The Fourth Circuit has indicated that reconsideration is also appropriate where "a subsequent trial produces substantially different evidence" or "the prior decision was clearly erroneous and would work manifest injustice." *Am. Canoe Ass'n*, 326 F.3d at 515 (quoting *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988)). Generally, the Court will not entertain a motion to reconsider which asks the Court to "rethink what the Court ha[s] already thought through—rightly or wrongly." *Above the Belt, Inc.*, 99 F.R.D. at 101.

### III. DISCUSSION

#### A. Reconsideration of the Court's August 16, 2024 Order

The standards under which a district court considers a Fed. R. Civ. P. 12(b)(6) motion to dismiss are well established. In the Court's Opinion on Defendant's Motion to Dismiss, the Court noted:

> A Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting

4

>   *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)) (internal quotations omitted). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey*, 706 F.3d at 387) (alteration in original). However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

(ECF Nos. 23–24.) In her Motion to Reconsider, Plaintiff requests that the Court alter or amend its August 16, 2024 Order. Plaintiff alleges that the Court misapplied the pleading standards under a Rule 12(b)(6) motion to dismiss by considering extraneous evidence when it dismissed three (3) of her seven (7) claims.[4] Plaintiff argues the Court should have converted Defendant's Motion to Dismiss to a motion for summary judgment. This conversion would then have allowed Plaintiff to file supporting affidavits and depositions. (Mem. in Supp. of Mot. to Reconsider, ECF No. 27.)

Plaintiff identifies three (3) errors the Court made: (1) the Court allowed the Defendant to refer to facts outside the Complaint, (2) the Court considered facts outside the Complaint, and in so doing, it should have converted Defendant's Motion to Dismiss to a motion for summary judgment, and (3) the Court failed to notify Plaintiff of its intent to convert Defendant's Motion to Dismiss to a motion for summary judgment and failed to allow Plaintiff to support her position with affidavits and depositions.

---

[4] Though Plaintiff makes this request broadly, the Court presumes that Plaintiff only asks for reconsideration of the dismissed claims.

5

Plaintiff's argument hinges upon her allegation that the Court considered evidence outside of the facts alleged in the Complaint. Plaintiff is incorrect on this point, and therefore her argument cannot succeed. In rendering its decision on the Motion to Dismiss, the Court accepted the Second Amended Complaint's well-pleaded allegations as true and considered *only* those allegations under Rule 12(b)(6) when it dismissed three (3) of Plaintiff's claims without prejudice. (*See* ECF No. 23–24.) Likewise, Defendant relied on the Complaint's accepted-as-true allegations when arguing that Plaintiff's Complaint should be dismissed. (*See* Def.'s Mem. in Supp. of Mot. to Dismiss, ECF No. 18.) Moreover, Plaintiff has not specifically identified any facts in the Court's Opinion upon which the Court erroneously relied. In short, Plaintiff has failed to identify any error in the Court's Opinion.

Plaintiff also argues that the Court should have converted Defendant's Motion to Dismiss to a motion for summary judgment under Fed. R. Civ. P. 56. (Mot. to Reconsider.) Through this conversion, Plaintiff also seeks to admit supporting affidavits and depositions in an attempt to bolster her position for summary judgment.[5] (Mem. in Supp. of Mot. to Reconsider.)

Under Rule 12(d), if a district court considers matters outside of the pleadings when ruling on a motion to dismiss under Rule 12(b)(6), "the motion must be treated as one for summary judgment under Rule 56." *Logar v. W. Virginia Univ. Bd. Of Governors*, 493 F. App'x 460, 461 (4th Cir. 2012). However, a district court need not

---

[5] The Court notes that such affidavits and depositions are not before the Court nor has Plaintiff sought their admission.

6

expressly state that it is excluding extraneous materials when it decides a motion to dismiss. The court's "refus[al] to consider them in ruling on the motion [to dismiss] . . . 'effectively exclude[s]' them." *Finley Lines Joint Protective Bd. v. Norfolk S. Corp.*, 109 F.3d 993, 996 (4th Cir. 1997) (quoting *Wilson-Cook Med., Inc. v. Wilson*, 942 F.2d 247, 252 (4th Cir. 1993)). The Fourth Circuit has noted that "[i]f the district court chooses to ignore the supplementary materials and determines the motion under the Rule 12(b)(6) standard, no conversion occurs." *Id.* (quoting *Garita Hotel Ltd. P'ship v. Ponce Fed. Bank*, 958 F.2d 15, 18–19 (1st Cir. 1992)). Moreover, "no conversion occurs unless and until a court indicates that it will consider the extraneous material." *Id.*

As previously discussed, the Court did not consider matters outside the four corners of the Complaint when it ruled on Defendant's Rule 12(b)(6) Motion to Dismiss. Therefore, the Court "effectively excluded" supplementary materials by ignoring them in its consideration of Defendant's Motion to Dismiss. *Id.* Consequently, the Court did not convert Defendant's Motion into a motion for summary judgment.

For all the foregoing reasons, the Court will deny Plaintiff's Motion to Alter or Amend/Rule 59 (ECF No. 26).

### B. Challenges to Defendant's Answer and Affirmative Defenses

In her Motion to Strike, Plaintiff requests that the Court strike Defendant's Answer and its included affirmative defenses due to alleged filing defects and a failure to state a well-grounded defense. (*See* Mot. to Strike, ECF No. 30; Answer, ECF No. 25.) Specifically, Plaintiff argues that Defendant's affirmative defenses were not "well-

7

grounded in fact" and that the Answer is rendered invalid by a signature defect in the filing. (Mot. to Strike.)

### 1. Well-Grounded in Fact

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In general, "[a]n affirmative defense 'may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.'" *Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1274, at 455–56 (2d ed. 1990)). "An affirmative defense is the 'defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true.'" *See Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 271 (4th Cir. 2003) (quoting *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003)).

The Court may strike an insufficient defense if the challenged allegations are "so unrelated to the plaintiff[']s claims as to be unworthy of any consideration as a defense and . . . their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Grant v. Bank of Am., N.A.*, No. 2:13-cv-342, 2014 WL 792119, at *2 (E.D. Va. Feb. 25, 2014) (quoting *GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09-cv-123, 2009 WL 2160451, at *4 (E.D. Va. July 17, 2009)). Even where prejudice does not exist, the Court may strike legally insufficient defenses "when there is no bona fide issue of fact or law." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W. Va. 1993). Courts tend to view

motions to strike with disfavor, however, "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, at 647 (2d ed. 1990)).

Here, Plaintiff asserts that Defendant's Answer was not "well-grounded in fact." (Mot. to Strike.) In doing so, Plaintiff seems to argue that Defendant's Answer, including the incorporated affirmative defenses, must meet the complaint pleading standard as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (Mot. to Strike.) However, the Fourth Circuit "has not stated whether this [pleading] standard also applies to affirmative defenses." *ISK Biocides Inc. v. Pallet Mach. Grp., Inc.*, No. 3:21-cv-386, 2022 WL 19976453, at *2 n.1 (E.D. Va. June 14, 2022) (applying the fair notice standard to affirmative defenses). Historically, "[t]here [wa]s substantial difference within the Eastern District of Virginia's decisions regarding application of the *Twombly/Iqbal* standard to affirmative defenses." *Info. Plan. & Mgmt. Serv. Inc. v. Dollar Gen. Corp.*, No. 2:15-cv-206, 2016 WL 69902, at *4 (E.D. Va. Jan. 5, 2016) (collecting cases). However, "the trend in this District in recent years has been not to apply the *Twombly/Iqbal* standard to affirmative defenses." *Benedict v. Hankook Tire Co. Ltd.*, No. 3:17-cv-109, 2018 WL 936090, at *2 (E.D. Va. Feb. 16, 2018) (collecting cases); *see also Van Vleck v. Sallyport Glob. Holdings, Inc.*, No. 1:19-cv-0060, 2019 WL 13297195, at *3 (E.D. Va. Dec. 3, 2019) (applying the fair notice standard to affirmative defenses instead of the *Twombly/Iqbal* pleading standard).

9

Recently, another court in this District found that "[a]bsent binding precedent on this issue . . . the heightened pleading standard outlined in [*Twombly/Iqbal*] does not apply to . . . affirmative defenses." *ISK Biocides*, 2022 WL 19976453, at *2 n.1. Instead, the court applied the fair notice standard. *Id.* The language of Fed. R. Civ. P. 8 supported this result, as a complaint must "show[] that the pleader is entitled to relief," while a response to a complaint must only "state in short and plain terms [the] defenses." *Id.* (citing Fed. R. Civ. P. 8(a), 8(b)) (alterations in original). The court also reasoned that "[t]o hold a defendant's affirmative defenses to the same standard as a plaintiff's claims for relief at such an early stage of the litigation might unfairly foreclose reliance on defenses that may, with time and discovery, otherwise prove valid." *Id.* For these reasons, the Court likewise declines to apply the *Twombly/Iqbal* pleading standard to affirmative defenses. The Court finds that Defendant's Answer and its affirmative defenses are not "so unrelated to the plaintiff[']s claims as to be unworthy of any consideration." *Grant*, 2014 WL 792119, at *2.

### 2. Signature Defect

Plaintiff also challenges Defendant's Answer on the grounds that a signature defect renders the Answer invalid. (Mot. to Strike.) Yet Plaintiff does not describe how the signatures were defective. Because Plaintiff is *pro se* and is unable to electronically file documents, Plaintiff must sign each pleading with a wet signature before submitting documents to the Court. While Plaintiff provides no detail as to how Defendant's signature is invalid, the Court presumes that Plaintiff believes that Defendant is *also* required to provide wet signatures on each document. This is not so.

10

The Court notes that Defendant's counsel electronically filed and signed Defendant's Answer (ECF No. 25) through the Case Management/Electronic Case Files System (CM/ECF) in compliance with Fed. R. Civ. P. 11, all other Federal Rules of Civil Procedure, and the Local Rules of this Court. *See* E.D. Va. Elec. Case Filing Policies and Procedures Manual 28 (Sept. 23, 2020). The Court requires the CM/ECF electronic signature in lieu of a wet signature when counsel files documents electronically. Therefore, the Court will deny Plaintiff's Motion to Strike (ECF No. 30).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Alter/Amend Rule 59 (ECF No. 26) and Plaintiff's Motion to Strike Defendant's Answer and Affirmative Defenses (ECF No. 30) will be denied. An appropriate order will accompany this Memorandum Opinion.

/s/
_____
Henry E. Hudson
Senior United States District Judge

Date: April 15, 2025
Richmond, Virginia

11