IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

AVALA ROSE,                                    )
                                               )
        Plaintiff,                             )
                                               )
v.                                             )    Case No.: 3:23-cv-00405-HEH
                                               )
DAVID P. STEINER,                              )
POSTMASTER GENERAL,                            )
UNITED STATES POSTAL SERVICE,                  )
                                               )
        Defendant.                             )

## MEMORANDUM OPINION
(Granting Motion for Judgment on the Pleadings)

THIS MATTER comes before the Court on Defendant David P. Steiner, Postmaster General of the United States Postal Service's ("Defendant") Motion for Judgment on the Pleadings pursuant to Rule 12(c) ("the Motion," ECF No. 62) as to Plaintiff Avala Rose's ("Plaintiff") Second Amended Complaint. Plaintiff Avala Rose filed her Second Amended Complaint on November 13, 2023. (Second Amended Complaint, ECF No. 13.) The Court will dispense with oral argument because the facts and legal contentions have been adequately presented, and oral argument would not aid in the decisional process. *See* E.D. Va. Loc. R. 7(J). The Court resolves the issues as follows.

## I. BACKGROUND[1]

Plaintiff Avala Rose was an employee with the United States Postal Service. (Second Am. Compl. ¶ 3.) She asserts four claims under Title VII. (*Id.* ¶¶ 34–38, 40, 42, 43). The Court has previously dismissed Plaintiff's claims for sexual harassment, religious harassment, and retaliation and hostile work environment in its August 2024 Memorandum Opinion. ("Aug. 2024 Order," ECF No. 24). In that same Opinion, the Court allowed Plaintiff to proceed on her claims for a failure to accommodate on the basis of religion, retaliatory physical harm, retaliatory harassment, and retaliatory exclusion from meetings. (*Id.*) At the administrative stage, Plaintiff engaged in pre-EEO complaint counseling and "was issued a Notice of Right to File an Individual Complaint of Discrimination . . . on February 4, 2023." (Second Am. Compl. ¶ 8.) Plaintiff was mailed a Notice of a Right to File on February 3, 2023, and on February 4, Plaintiff received and signed for receipt of the notice. ("Memorandum in Support," ECF No. 63 at 2.)

## II. LEGAL STANDARD

### A. Rule 12(c) Motion

A party may move for judgment on the pleadings at any time after the pleadings are closed, so long as the moving party does so early enough so as not to cause a delay of the trial. Fed. R. Civ. P. 12(c). The standard of review for Rule 12(c) motion is the same as the "plausibility standard" governing Rule 12(b)(6) motions. *Harmon Tr. Harmon 1999*

---

[1] The facts of this case were previously addressed and more fully stated in the Court's Memorandum Opinion addressing Plaintiff's Motion for Preliminary Injunction and Request for Expedited Discovery, dated February 4, 2025 (ECF No. 39) and the Court's Memorandum Opinion Denying Plaintiff's Motion to Reconsider and Motion to Strike Defendant's Answer, dated April 15, 2025 (ECF No. 41).

*Descendants' Tr. v. Harmon*, No. 120CV1442RDAWEF, 2023 WL 3668517, at *4 (E.D. Va. May 25, 2023); *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014); *Travelers Indem. Co. of Connecticut v. Lessard Design, Inc.*, 321 F. Supp. 3d 631, 635 (E.D. Va. 2018). A motion for judgment on the pleadings challenges a claim's sufficiency, and "it does not resolve disputes over factual issues, the merits of a claim, or the applicability of a defense." *SunTrust Mortg., Inc. v. Simmons First Nat'l Bank*, 861 F. Supp. 2d 733, 735 (E.D. Va. 2012) (citing *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). Thus, "judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party, fail to state any cognizable claim for relief[.]" *O'Ryan v. Dehler Mfg. Co.*, 99 F. Supp. 2d 714, 718 (E.D. Va. 2000).

"[U]nlike a Rule 12(b)(6) motion," however, "a Rule 12(c) motion 'requires the court to consider and decide the merits of the case, on the assumption that the pleadings demonstrate that there are no meaningful disputes as to the facts such that the complaint's claims are ripe to be resolved at this very early stage of the litigation.'" *Somerville v. W. Town Bank & Tr.*, No. CV 19-490 PJM, 2020 WL 8256358, at *1 (D. Md. Dec. 4, 2020) (quoting *Murphy v. Dep't of the Air Force*, 326 F.R.D. 47, 49 (D.D.C. 2018)). A motion for judgment on the pleadings "should not be granted unless it appears to a certainty that the non-moving party cannot prove any set of facts in support of its claim that would entitle it to relief." *United States v. Castillo*, No. 8:19-CV-3459-PWG, 2021 WL 825974, at *3 (D. Md. Mar. 4, 2021) (quoting *Shooting Point, LLC v. Cumming*, 238 F. Supp. 2d 729, 735 (E.D. Va. 2002)).

The burden on the moving party is a high one: the moving party must show that its entitlement to judgment is a "certainty." *Great Am. Ins. Co. v. GRM Mgmt., LLC*, No.

3

3:14CV295, 2014 WL 6673902, at *2 (E.D. Va. Nov. 24, 2014). In deciding the motion, the Court "may consider the complaint, answers, matters of public record, exhibits to the complaint and answer, and 'exhibits to the Rule 12(c) motions that were integral to the complaint and authentic.'" *Bremus v. AMR Corp.*, 527 B.R. 221, 225 (E.D. Va. 2014), *aff'd*, 604 F. App'x 324 (4th Cir. 2015) (quoting *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014)).

### B. Exhaustion of Administrative Remedies

"[T]he EEOC must try to engage the employer in a discussion in order to give the employer a chance to remedy the allegedly discriminatory practice." *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 481 (2015). "It is well established that every Title VII plaintiff must exhaust her administrative remedies prior to filing suit in federal court." *Gorrasi v. Azar*, No. 21-2191, 2022 WL 6901173, at *1 (4th Cir. Oct. 12, 2022) (citing *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019); 42 U.S.C. § 2000e-16(c)). Indeed, not only is it well established, it is "axiomatic." *Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999). After a federal employee receives a Notice of a Right to File from an EEO counselor, said employee has fifteen days to file a formal complaint with the employing agency. *Nielsen v. Hagel*, 666 F. Appx 225, 227 (4th Cir. 2016) (unpublished); 29 C.F.R. § 1614.106(b); *id.* § 1614.105(d). Administrative "exhaustion is treated as an affirmative defense." *L.N.P. v. Kijakazi*, 64 F.4th 577, 585 (4th Cir. 2023).

After the agency issues a final decision or dismissal of the employee's administrative complaint, the aggrieved party may appeal the decision to the Equal Employment Opportunity Commission (EEOC), or may file a civil action under Title VII in federal district court. *See* 42 U.S.C. § 2000e–16; 29 C.F.R. §§ 1614.110, 1614.401. Any such civil action

must be filed within 90 days of the agency's final action or, if an appeal with the EEOC is filed, within 90 days of the EEOC's final decision. 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.407(a), (c). In addition, the regulations provide an opportunity for the aggrieved party to file a civil action under Title VII in the district court if the agency fails to issue a final decision within 180 days of receiving the formal complaint, or if the EEOC fails to rule on an appeal within 180 days of its filing. 29 C.F.R. § 1614.407(b), (d). Finally, the Administrative Procedure Act provides a remedy for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. *Nielsen*, 666 F. Appx at 227. However, before any of these steps may be undertaken, a plaintiff must properly exhaust all available administrative remedies.

### III. ANALYSIS

This is a simple case which rests upon the failure of Plaintiff to comply with the strict deadlines embedded into Title VII's administrative exhaustion requirements. Administrative exhaustion requirements are "mandatory." *Walton v. Harker*, 33 F.4th 165, 175 (4th Cir. 2022). "Courts routinely enforce such compulsory prerequisites to suit in Title VII litigation," including "for example, [that a plaintiff] may bring a Title VII claim only if she has first filed a timely charge with the EEOC—and a court will usually dismiss a complaint for failure to do so." *Mach Mining*, 575 U.S. at 487.

Federal employees alleging discriminatory or retaliatory acts must contact their EEO office within forty-five days of such acts. 29 C.F.R. § 1614.105(a)(1). "After contacting their EEO office, an employee must then file a formal complaint with the agency within fifteen days of receiving notice to do so. 29 C.F.R. § 1614.106. If a plaintiff does not file a

5

formal complaint within the fifteen-day period, they have failed to exhaust their claims." *Weston v. Austin*, No. 1:23-CV-0952 (MSN/WEF), 2024 WL 4336730, at *4 (E.D. Va. Sept. 27, 2024). An Agency shall dismiss a complaint which fails to comply with the applicable time limits contained in 29 C.F.R. § 1614.106, which, in turn, requires the filing of a formal complaint within 15 days of receiving notice of the right to do so. 29 C.F.R. § 1614.107(a)(2)

Plaintiff failed to make a timely complaint when she failed to postmark her EEO complaint within the fifteen-day window required by 29 C.F.R. § 1614.106(b). Plaintiff was mailed her Notice of Right to sue on February 3, 2023. (ECF No. 63-1).[2] The "presumption articulated in Federal Rule of Civil Procedure 6[d]" means "that the right-to-sue letter arrived at [Plaintiff's] home three days after it was mailed." *Beale v. Burlington Coat Factory*, 36 F. Supp. 2d 702, 704 (E.D. Va. 1999). On February 4, Plaintiff received and signed for the receipt of the notice. (*Id.*; Second Am. Compl. ¶ 8.) Fifteen days from February 4 was February 19, a Sunday; February 20th was President's Day. Plaintiff admits that the right-to-sue letter arrived at her home by February 4. (*Id.* ¶ 8.) Plaintiff also admits that she filed a complaint with the EEOC on March 6, 2023. (*Id.* ¶ 9.) In a remarkably similar case, the EEOC has dismissed a comparable complaint for nearly identical reasons, matching almost the exact same time frame as the Plaintiff in this case. *Sandra L., Complainant*, EEOC DOC 2023002767, 2023 WL 4662164, at *1 (July 12, 2023).

---

[2] The Court may consider Notice of Right to File and Mail Tracking Information in ruling on the Rule 12(c) motion. *French v. 21st Mortg. Corp.*, No. 24-1584, 2025 WL 2058807, at *2, n.5 (4th Cir. July 23, 2025).

6

Plaintiff therefore needed to postmark her EEO complaint on or before February 21. *See* 29 C.F.R. § 1614.106(b); *Haines v. Adm'r, U.S. Fed. Transit Admin.*, 579 F. App'x 63, 65 (3d Cir. 2014). Plaintiff's EEO complaint was postmarked March 6, 2023. (Second Am. Compl. ¶ 9) ("On March 6, 2023, Plaintiff filed a formal complaint of discrimination with the agency."); (ECF No. 62-3, at 4) (showing "6 Mar 2023" postmark.) Therefore, the Court will hold that Plaintiff's EEO complaint was untimely, and she has therefore failed to exhaust her administrative remedies. *Hairston v. Wormuth*, No. 1:24-CV-712-MSN-IDD, 2024 WL 4631651, at *3 (E.D. Va. Oct. 30, 2024), *appeal dismissed sub nom. Hairston v. Averill*, No. 24- 2220, 2025 WL 1626165 (4th Cir. Feb. 26, 2025); *Weston*, 2024 WL 4336730, at *4. Plaintiff's status as *pro se* does not alter these administrative requirements, nor does it permit the Court to bend them out of charity. *Wailes v. DeJoy*, No. 7:22-CV-12, 2023 WL 2695151, at *4 (W.D. Va. Mar. 29, 2023); *Marynowski v. Brady*, No. 1:23-CV-613 (PTG/IDD), 2024 WL 4138746, at *3 (E.D. Va. Sept. 10, 2024).

## IV. CONCLUSION

Upon consideration of the Motion, and Memorandum in Support thereof, the Court will GRANT Defendant's Motion for Judgment on the Pleadings pursuant to Rule 12(c) (ECF No. 63) as to Plaintiff's Second Amended Complaint (ECF No. 13). Plaintiff's various filings (ECF No, 53, 54, 55, 56) will be denied as moot.

An appropriate Order will accompany this Memorandum Opinion.

/s/ Henry E. Hudson
Henry E. Hudson
Senior United States District Judge

Date: Dec. 22, 2025
Richmond, Virginia

7